No. 610

SHEFFIELD v. SHARP

No. 19870.   Supreme Court

On motion to certify.   Dock. June 7, 1926.

997.   REAL ESTATE—Where a real estate broker has an oral contract for the exclusive sale of certain property, is he entitled to a commission from a sale made by the owner?

Effie E. Sharp brought this action originally in the Cuyahoga Common Pleas against Myra J. Sheffield for the recovery of a commission alleged to be due him for the sale of certain real estate.

It appears that the parties to this action entered into a contract whereby Sharp was given the exclusive right to sell the property which belonged to Sheffield, it being alleged that it was specifically agreed that a commission was to be paid even though the property were to be sold through the efforts of the owner. Sheffield denied that an exclusive listing had been granted.

The court charged the jury that "If the plaintiff had a contract for the exclusive sale of the property for one year then he could recover." Sheffield admitted that if the property were sold for $30,000 that Sharp was to receive $3,000 as commission.

The Common Pleas rendered judgment on the verdict in favor of Sharp, which judgment was affirmed by the Appeals.

Sheffield in the Supreme Court contends;

1.   That the court erred in its charge to the jury.

2.   That Sharp was not entitled to a commission because he did not effect the sale.

Attorneys—A. P. Gustafson, Cleveland, for Pltf.; A. J. Bradley, Cleveland, for Deft.

No. 611

NAPOLEON (Village) v. SCHILPEROOT Admrx.

No. 19825.   Supreme Court

On motion to certify.   Dock. May 18, 1926.

829.   NEGLIGENCE—In an action against a municipal corporation for damages for wrongful death where the facts show a violation of an alleged statutory requirement is the petition subject to a general demurrer?

This action was brought originally by Anna Schilperoot as administratrix of the estate of Jacob Schilperoot against the village of Napoleon in the Henry Common Pleas from damages arising from the wrongful death of the deceased. It appears that the decedent was employed by the village, his duties being in connection with a power plant owned by Napoleon. A high tension wire had fallen very close to the ground and the decedent, while wearing gloves attempted to lift this wire to a position which would not be dangerous and upon doing so the insulation gave way and his electrocution was caused thereby.

After the original petition was filed an amended petition was prepared and filed in which the allegation of negligence was the failure of the village to maintain proper insulation on the wire. At the trial judgment was rendered in favor of the administratrix. The court of Appeals reversed the judgment on the ground that the verdict was contrary to and against the weight of the evidence upon the issue of contributory negligence.

Some two years later the administratrix filed a second amended petition in which it was alleged that the village was guilty of willful wanton reckless negligence.

At the first trial the administratrix moved to amend the amended petition by inserting the words wantonly, willfully, and recklessly, which motion was refused on the ground that the negligent acts of the village as stated were not sufficient to warrant such an averment.

A general demurrer which was filed to the second amended petition was sustained and thereupon error was prosecuted to the Appeals, the Appeals reversing the judgment of the Common Pleas, stating "upon former review this court held the amended petition sufficient and that the issue of contributory negligence was for the jury, and that decision is adhered to."

The Village in the Supreme Court contends:

1.   That the question concerning the demurrer was ignored by the Appeals.

2.   That it is difficult to determine what course the Common Pleas Court is required to take upon a trial in regard to the second amended petition.

3.   That the second amended petition does not state facts sufficient to constitute a cause of action that it is impossible to determine whether the question of willful tort should be considered or the former ruling should be adhered to.

Attorneys—P. C. Prentiss for Village; Geo. S. May, Napoleon, and Winn & Geller, Defiance, for Administratrix.